1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Kevin P.B. Johnson
2  555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
3  Telephone: (650) 801-5000
4  kevinjohnson@quinnemanuel.com

5  [Additional counsel appear on signature page.]

6                    **UNITED STATES DISTRICT COURT**

7                    **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER TUERPE, Derivatively on Behalf of SNOWFLAKE, INC. | |
| Plaintiff, | Case No. 3:24-cv-02502-RS |
| v. | |
| FRANK SLOOTMAN, MICHAEL P. SCARPELLI, BENOIT DAGEVILLE, MARK S. GARRETT, JAYSHREE V. ULLAL, KELLY A. KRAMER, MICHAEL L. SPEISER, TERESA BRIGGS, CARL M. ESCHENBACH, and JOHN D. MCMAHON, | **STIPULATION AND ORDER STAYING ACTION AND VACATING CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** |
| Defendants, | |
| and, | |
| SNOWFLAKE, INC. | |
| Nominal Defendant. | |

Plaintiff Christopher Tuerpe ("Plaintiff"), Defendants Frank Slootman, Michael P. Scarpelli, Benoit Dageville, Mark S. Garrett, Jayshree V. Ullal, Kelly A. Kramer, Michael L. Speiser, Teresa Briggs, Carl M. Eschenbach, and John D. McMahon (the "Individual Defendants"), and Nominal Defendant, Snowflake Inc. ("Snowflake," together with Individual Defendants, "Defendants," and with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this stipulation.

WHEREAS, on April 25, 2024, Plaintiff Christopher Tuerpe filed the complaint in this action (ECF No. 1, the "Complaint") against Defendants;

WHEREAS, on May 20, 2024, the Parties filed a stipulation setting Defendants' time to answer, move, or otherwise respond to the Complaint to July 19, 2024 (ECF No. 10), which was so-ordered by the Court on May 21, 2024 (ECF No. 14);

WHEREAS, on May 21, 2024, the Court issued an Order setting an Initial Case Management Conference in this action for July 25, 2024, and setting various deadlines for the Parties to file a Case Management Statement and exchange disclosures contemplated by Federal Rule of Civil Procedure 26 (ECF No. 13);

WHEREAS, pending in the United States District Court for the Northern District of California is a putative securities class action captioned *Flannery v. Snowflake, Inc., et al.*, Case No. 3:24-cv-01234-PCP (N.D. Cal.) (the "Securities Action");

WHEREAS, there is an apparent overlap between the facts and circumstances alleged in this action and the Securities Action, including the potential relevance of many of the same documents and witnesses;

WHEREAS, Snowflake, Frank Slootman, and Michael P. Scarpelli, named Defendants in this action, are also named as defendants in the Securities Action (the "Securities Action Defendants");

WHEREAS, the Securities Action Defendants anticipate filing a motion to dismiss for failure to state a claim in the Securities Action after the filing of an amended complaint; and

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the apparent overlap between the facts alleged in this action and the Securities Action, and in light of the fact that the outcome of the anticipated motion to dismiss in the Securities Action may inform the proceedings in this action, this action should be stayed until the court in the Securities Action rules on the anticipated motion to dismiss the Securities Action;

IT IS ACCORDINGLY HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Parties, subject to approval by the Court, that:

(a)  Upon the Court's endorsement of this Stipulation as an Order of the Court, all proceedings and deadlines in this action, including all deadlines, hearings, and conferences, shall be temporarily stayed until the earliest of (a) such date that the court in the Securities Action enters an order that grants or denies in part or full defendants' anticipated motion to dismiss in the Securities Action; (b) a joint request by the Parties to lift the stay; (c) notification that a settlement has been reached in the Securities Action; or (d) an order of this Court lifting the stay hereunder.

(b)  No more than thirty (30) days after the stay is lifted, the Parties shall meet and confer concerning a proposed schedule for further proceedings in this action, including whether a further stay is appropriate, and advise the Court accordingly.  This action shall remain stayed until the Parties advise the Court regarding a proposed schedule or competing proposed schedules for further proceedings in this action, including whether a further stay is appropriate.

(c)  Defendants shall not be required to move, or otherwise respond, to the Complaint during the pendency of the stay.

(d) Notwithstanding the agreed-upon stay of this action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

(e) The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to the this action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

(f) Notwithstanding the stay, in the event the court in the Securities Action enters an order that denies in part or full the anticipated motion to dismiss in the Securities Action, Defendants shall produce to Plaintiff any documents produced to shareholders in response to a litigation demand or books and records demand related to the issues raised in this action, subject to Plaintiff agreeing to the same confidentiality agreement or protective orders for those productions.

(g) Defendants will notify Plaintiff promptly after becoming aware of any (i) derivative action arising out of the same or substantially the same transactions or events as those alleged in this action that is filed following the execution of this stipulation; or (ii) demand served on Snowflake pursuant to Section 220(b) of the Delaware General Corporation Law related to the same or substantially the same transactions or events as those alleged in this action served after the execution of this stipulation.

(h) If another derivative action arising out of the same or substantially the same transactions or events as those alleged in this action is filed following the execution of this

stipulation and is not stayed by stipulation or motion, Plaintiff may lift the stay in this action by providing notice to the Court and to Defendants.

(i)     Defendants shall either (i) make a good faith effort to include Plaintiff in any mediation and/or formal settlement talks between the parties to the Securities Action (subject to permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers), or (ii) mediate with Plaintiff within thirty (30) days of the initial mediation session in the Securities Action, provided that there is at least one date during that 30-day period on which Plaintiff, Defendants, and the agreed-upon mediator are available.

(j)     Defendants shall include Plaintiff in any mediation and/or formal settlement talks between the parties to any related derivative action(s) arising out of the same or substantially similar transactions or events as those alleged in this action.

(k)     The Initial Case Management Conference scheduled for October 3, 2024 is vacated, along with all associated deadlines under the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, until a date that is convenient for the Court after the stay is lifted.

(l)     This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in this action.

IT IS SO STIPULATED.

DATED: July 16, 2024                     THE BROWN LAW FIRM, P.C.
                                         ROBERT C. MOEST


                                         _/s/ Robert C. Moest_
                                         ROBERT C. MOEST

                                         2350 Wilshire Boulevard, Second Floor
                                         Santa Monica, California 90403
                                         Telephone: (310) 915-6628
                                         RMoest@aol.com

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | Timothy Brown |
|   | | 767 Third Avenue, Suite 2501 |
| 3 | | New York, NY 10017 |
|   | | Telephone: (516) 922-5427 |
| 4 | | tbrown@thebrownlawfirm.net |

Attorneys for Plaintiff

DATED: July 16, 2024                QUINN EMANUEL URQUHART & SULLIVAN, LLP
                                    KEVIN P.B. JOHNSON


                                       */s/ Kevin P.B. Johnson*
                                         KEVIN P.B. JOHNSON

Kevin P.B. Johnson
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
kevinjohnson@quinnemanuel.com

Jesse Bernstein (*pro hac vice*)
Leigha Empson (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com

Attorneys for Defendants

                    *     *     *

**Attestation Pursuant to Civil Local Rule 5-1(h)(3)**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

Dated: July 16, 2024     QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kevin P.B. Johnson*
Kevin P.B. Johnson

*Attorney for Defendants*

**O R D E R**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 5, 2024

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE